IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

Francisco Ramos-Dominguez,

Defendant.

CRIM. NO. 23-223 (RAM)

CRIM. NO. 25-312 (RAM)

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.
Date: 2025.07.09 13:02:20 -04'00'



## PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, and Defendant **Francisco Ramos-Dominguez**, through his counsel, Edgar Sanchez-Mercado, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

The Defendant agrees to plead guilty to Count One of the Superseding Indictment and Counts One and Two of the Information in Crim. No. 25-312 (hereinafter "Information").

<u>Count One of the Superseding Indictment:</u> From on or about November of 2022 and continuing up and until the return of the indictment, in the District of Puerto Rico and within the jurisdiction of this Court, **Francisco Ramos-Dominguez**, and others, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense

USAO-DPR-Plea Agreement

Page 1

against the United States, that is, to knowingly and intentionally distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and 846.




Count One of the Information: From on or about July 17, 2020, through on or about July 21, 2020, in the District of Puerto Rico, the defendant, Francisco Ramos-Dominguez, willfully and knowingly embezzled, stole, purloined, and converted to his own use or the use of another, money of the United States, namely Small Business Administration (SBA) COVID-19 Economic Injury Disaster Loan payments to which he knew he was not entitled, having a value over the amount of $1,000.00, that is, approximately $150,000.00, in violation of 18 U.S.C. § 641.

Count Two of the Information: From on or about May 1, 2021, through on or about February 28, 2022, in the District of Puerto Rico, the defendant, Francisco Ramos-Dominguez, willfully and knowingly embezzled, stole, purloined, and converted to his own use or the use of another, money of the United States, namely COVID-19 Economic Impact Payments under the Cares Act to which he knew he was not entitled, having a value over the amount of $1,000.00, that is approximately $111,800.00, in violation of 18 U.S.C. § 641.

Maximum Penalties

The maximum statutory penalty for Count One of the Superseding Indictment is a term of imprisonment of not less than ten (10) years and not more than life; a fine not to exceed ten million dollars (10,000,000); and a supervised release term of at least five (5) years, all pursuant to 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846.

The maximum statutory penalty for the offenses charged in Counts One and Two of the Information is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 641, a fine not to exceed $250,000.00, and a term of supervised release of not more than (3) years.

2. **Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.



3. **Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

4. **Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996. The parties agree that the Defendant will make restitution to the Small Business Administration in the amount of $150,000.00 and to the Puerto Rico Treasury Department in the amount of $111,800.00. Specifically, the defendant

agrees to pay the full amount of restitution, that is, $261,800.00 on or before the sentencing hearing in this case. The defendant acknowledges that the restitution in this case does not impact the administrative policies and/or proceedings of the SBA and the Puerto Rico Treasury Department.

5. **Sentence to be Determined by the Court**

   Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.



6. **Recommended Sentencing Guidelines Calculations**

   After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES' CALCULATIONS COUNT ONE IN CASE 23-~~253~~ 223 21 U.S.C. §§ 841(b)(1)(B) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. §2D1.1(c)(8) | 32 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| Supervisory Role (+2) USSG:3B1.1(a) | +3 |
| TOTAL ADJUSTED OFFENSE LEVEL | 32 |

| SENTENCING GUIDELINES' CALCULATIONS COUNT ONE IN CASE 23-223 21 U.S.C. §§ 841(b)(1)(B) | | | | | |
|---|---|---|---|---|---|
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 121-151 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 |





| SENTENCING GUIDELINES' CALCULATIONS COUNTS ONE AND TWO OF INFORMATION 18 U.S.C. § 641 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(2) | | | | | 6 |
| Specific Offense Characteristic pursuant to U.S.S.G. § 2B1.1(b)(1)(G) since the amount of loss greater than $250,000.00 but less than $550,000.00 | | | | | +12 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 15 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 18-24 | 21-27 | 24-30 | 30-37 | 37-46 | 41-51 |

7. **Sentence Recommendation**

The parties, after due considerations of the relevant factors enumerated in 18 U.S.C. § 3553(a), agree to recommend as to Count One of the indictment that Defendant be sentenced within the applicable guideline range for CHC Category I, regardless of criminal history category. The mandatory minimum sentence for Count One of the Indictment is 120 months.

As to Counts One and Two of the Information, the parties agree to recommend a sentence of imprisonment within the applicable guideline range for CHC Category I, to run concurrently to the sentence to be imposed for Count One of the Indictment.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 8. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for the Defendant.



## 9. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 151 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 10. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553 — other than any explicitly provided for in this Plea Agreement — shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 11. Satisfaction with Counsel

Defendant is satisfied with counsel, Edgar Sanchez-Mercado, and asserts that counsel has rendered effective legal assistance.

### 12. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.



b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 13. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 14. Limitations of Plea Agreement



This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 15. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 16. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 17. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.



### 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 19. Breach and Waiver



Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 20. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be

recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 22. Forfeiture Provision



Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §§ 841 and 846, including but not limited to $122,240 in cash, a gold chain bracelet, and a gold chain necklace studded with diamonds, all seized from at the Luis Muñoz Marín International Airport (SJU) on May 24, 2023. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly



or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant by agreeing to the forfeiture stated above, acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any

underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____
Teresa B. Zapata-Valladares
Assistant U.S. Attorney
Chief, Gang Section
Dated: 6·13·2025

_____
R. Vance Eaton
Assistant U.S. Attorney
Dated: 6/13/25

_____
Vanessa D. Bonano-Rodríguez
Special Assistant U.S. Attorney
Dated: 6.13.25

_____
Edgar Sanchez-Mercado, Esq.
Counsel for Defendant
Dated: 8/Jul/2025

_____
Francisco Ramos-Dominguez
Defendant
Dated: 8/Jul/2025

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8/Jul/2025

_____
Francisco Ramos-Dominguez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8/Jul/2025

_____
Edgar Sánchez-Mercado
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant **Francisco Ramos-Dominguez** admits that Defendant is guilty as charged in Count One of the Indictment, and Counts One and Two of the Information and admits the following:

Defendant **Francisco Ramos-Dominguez** admits he joined a conspiracy that started at least as early as November of 2022, the object of which was to transport kilogram quantities of cocaine from Puerto Rico to the continental United States. The conspiracy continued until at least September of 2023. **Francisco Ramos-Dominguez** and coconspirators based in Puerto Rico and the continental United States accomplished the goal of profiting through the distribution of cocaine primarily by sending kilogram quantities of cocaine with travelers flying on commercial flights from Puerto Rico with the kilograms secreted in their luggage. **Francisco Ramos-Dominguez** coordinated numerous flights for couriers to fly from Puerto Rico to the continental United States with kilogram quantities of cocaine in their luggage. He also coordinated for the sale of the kilograms of cocaine in the continental United States. He also coordinated with cocaine suppliers in the Dominican Republic for the shipment of cocaine from there to Puerto Rico.

On May 24, 2023, a coconspirator went to the Luis Muñoz Marín International Airport on behalf of **Francisco Ramos-Dominguez** to catch a flight to New York with luggage containing 4.9 kilos, $122,240 in cash, and two pieces of jewelry. He checked the

luggage. TSA used administrative search authority to open the luggage and found the drugs and drug proceeds.

While **Francisco Ramos-Dominguez** and the members of this conspiracy conspired to distribute over 300 kilograms of cocaine, for purposes of his guilty plea, he stipulates that he conspired to distribute at least 15 kilograms but less than 50 kilograms of cocaine.

In addition to the above, from on or about July 17, 2020, through on or about July 21, 2020, in the District of Puerto Rico, the defendant, Francisco Ramos-Dominguez, willfully and knowingly embezzled, stole, purloined, and converted to his own use or the use of another, money of the United States, namely Small Business Administration COVID-19 Economic Injury Disaster Loan payments to which he knew he was not entitled, having a value over the amount of $1,000.00. Specifically, the defendant engaged in a scheme to defraud the SBA by knowingly submitting materially false information while applying for a COVID-19 Economic Injury Disaster Loan (Loan). As a result of this false information, the SBA approved the Loan and improperly disbursed $150,000.00 to the defendant.



Moreover, from on or about May 1, 2021, through on or about February 28, 2022, in the District of Puerto Rico, the defendant, Francisco Ramos-Dominguez, willfully and knowingly embezzled, stole, purloined, and converted to his own use or the use of another, money of the United States, namely COVID-19 Economic Impact Payments under the Cares Act to which he knew he was not entitled, having a value over the amount of $1,000.00. Specifically, the defendant engaged in a scheme to submit multiple

fraudulent income tax returns via the electronic portal of the Puerto Rico Treasury Department known as SURI. As a result of these fraudulent submissions, the defendant improperly received $111,800.00 in COVID-19 Economic Impact payments, to which he was not entitled.

Had this matter proceeded to trial, the United States would have presented physical and documentary evidence, photographs, audio recordings, testimony of expert witnesses, as well as the testimony of law enforcement agents, among other evidence, which would have proven beyond a reasonable doubt that Defendant **Francisco Ramos-Dominguez** is guilty as charged in Count One of the Indictment and Counts One and Two of the Information.

The Defendant received timely and full discovery.

R. Vance Eaton
Special Assistant U.S. Attorney
Dated: 6/13/25

Vanessa Bonano
Special Assistant US Attorney
Dated: 6.13.25

Edgar Sanchez-Mercado, Esq.
Counsel for Defendant
Dated: 8 Jul 2025

Francisco Ramos-Dominguez
Defendant
Dated: 8 Jul 2025